UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT E. GREGG, JR.** | ) | **CASE NO. 1:25 CV 1679** |
| | ) | |
| Plaintiff, | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **JERRY SPATNEY, WARDEN,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Robert E. Gregg, Jr. filed this action alleging that he fell outside of the prison chow hall and sustained a broken arm, a broken wrist, and a dislocated shoulder, Two corrections officers and a lieutenant came to his aid. He contends he required surgery to repair the injuries. He states, without explanation, that he received poor medical care, and seeks monetary damages for violation of his Eighth Amendment rights from the Warden, the corrections officer and lieutenant that came to help him, and an individual he identifies only as a nurse practitioner. She is not mentioned at all in the body of the Complaint. The Complaint contains no other allegations.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*,

490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998)

As an initial matter, Plaintiff fails to meet the minimum pleading standards of Federal Civil Procedure Rule 8. To meet basic notice pleading requirements, the Complaint must give the Defendant fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Complaint contains too few facts to state a claim against the Defendants. Plaintiff

states that he fell. He does not state why fell and does not provide any information regarding the incident. He states that corrections officers and a lieutenant came to his aid. He does not describe any behavior by the officers or the lieutenant that could plausibly be deemed to be cruel and unusual or deliberately indifferent to his serious medical needs. He indicates he received surgical care to repair the injuries. There are no facts that explain why he believes the medical care he received was so deficient that it triggered the Eighth Amendment. There are no facts at all pertaining to the Warden or Ms. Beltz, the nurse practitioner. Plaintiff's vague statement that his rights were violated does not meet the basic pleading requirements of Rule 8.

Accordingly, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

                                                 10/17/2025
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.